**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>V.<br><br>QUINICINO WAIDE,<br>Defendant. | CRIMINAL NO. 5:18-116-KKC<br><br><u>ORDER AND OPINION</u> |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on various motions filed by the Defendant: (1) a motion in limine (DE 95); (2) a motion to dismiss (DE 98); and (3) a motion to suppress (DE 97). For the reasons stated below, all the motions are **DENIED**.

**I. Background**

The aforementioned motions were filed on September 16, 2019, approximately two weeks before trial. Considering the impending trial date and the need to resolve the motions, the Court ordered briefing on an expedited basis. (DE 99.) After briefing was submitted, on September 25, 2019, the United States moved for a hearing on the motions. (DE 105.) The same day, the Court set the matter for a hearing the day before trial was set to begin. (DE 106.)

On September 26, 2019, the Defendant moved for rearraignment. (DE 107.) Accordingly, the Court set aside the hearing and converted the trial date to a rearraignment hearing. (DE 108.) On October 1, 2019, the Defendant entered a guilty plea. (DE 110.)

1

A few days later, the Defendant wrote the Court a letter stating that he did not understand the terms of his guilty plea. (DE 112.) The Court then set a status hearing to determine whether the Defendant wished to withdraw his guilty plea. (DE 113.)

At the status hearing, Defendant moved to withdraw his plea and be appointed new counsel under the Criminal Justice Act. The Court appointed new counsel and took the motion to withdraw the guilty plea under advisement. The Court stated that once the defendant has reviewed his case with his newly appointed counsel, the Court will set a status conference to determine whether the Defendant still wished to withdraw his plea. (DE 121.)

The Court recognizes that the pending motions are not submitted by Defendant's newly appointed counsel. However, Defendant's new counsel has not moved to withdraw the pending motions. The Court finds it prudent that the motions be resolved, despite the fact that the Defendant may decide not to withdraw his plea. The Court, accordingly, resolves the motions below.

**II. Motion in Limine.**

The Defendant's motion in limine seeks to prevent the United States from using money evidence to prove drug quantities at trial. (DE 95 at 1.) The Court considers the motion to be premature, and consequently, it is denied.

The Defendant asserts that money evidence is not relevant to prove drug-quantities at trial and cites a single case, *United States v. Revel*, 971 F.2d 656 (11th Cir. 1992). *Revel* does not, however, deal with any money evidence. As such, it does not support the Defendant's position.

The United States contends that money evidence is admissible because "'cash proceeds/drug proceeds' is admissible to prove a defendant's connection to drug trafficking." (DE 101 at 1.) *See also United States v. Taylor*, 471 F. App'x. 499, (6th Cir. 2012); *United States v. Forrest*, 17 F.3d 916, 919 (6th Cir. 1994); *United States v. Lloyd*, 10 F.3d 1197, 1213

(6th Cir. 1993). The United States further states that "the Sixth Circuit has held that large amounts of cash are 'tools of the drug trade.'" *See United States v. Brooks*, 594 F.3d 488, 495 (6th Cir. 2010); *United States v. Bell*, 766 F.3d 634 (6th Cir. 2014); *United States v. Johnson*, 737 F.3d 444, 447-48 (6th Cir. 2013); *United States v. Hill*, 142 F.3d 305, 311 (6th Cir. 1998). Finally, the United States argues that the money seized in this case is relevant to the question of forfeiture. (DE 101 at 2-3.) Thus, the United States indicates that it intends to use money evidence as evidence of drug trafficking and as evidence regarding the forfeiture allegation. The United States does not, however, indicate that it intends to use money evidence to prove drug quantities at trial.

At this time, the Court is unable to determine whether the United States will even attempt to use the money evidence to prove drug quantities at trial. Accordingly, the Court will be in a better position to rule on this motion at trial once it understands the context in which the United States intends to use the money evidence. As such, the Defendant may reassert this motion in limine at trial if appropriate and necessary.

**III. Motion to Dismiss.**

The Defendant's motion to dismiss seeks to dismiss Count 1 of the indictment charging the Defendant with knowingly and intentionally possessing with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. (DE 98 at 1.) The Court finds that the Defendant has not asserted any valid grounds for dismissal of Count 1 of the indictment.

The Defendant states that there is no basis to charge the Defendant with five kilograms of cocaine because "the government's own lab report, attached hereto, shows clearly that only cocaine residue, nowhere near 5 kilograms, was taken into evidence." (DE 98 at 2.) Essentially, the Defendant is arguing that the indictment is not supported by sufficient evidence. The Defendant further argues that the language of Count 1, alleging five kilograms

or more of cocaine, is surplusage that may be stricken under Fed. R. Crim. P. 7(d). (DE 98 at 2.)

"[A] defendant who wishes to challenge an indictment valid on his face bears a heavy burden indeed. The validity of an indictment is not affected by the type of evidence presented to the grand jury, even though that evidence may be incompetent, inadequate or hearsay." *United States v. Markey*, 693 F.2d 594, 596 (6th Cir.1982) (citations omitted). "When a body of citizens, properly chosen and constituted as a grand jury, finds probable cause to believe that a crime has been committed within its jurisdiction, that finding is sufficient to require a trial." *United States v. Short*, 671 F.2d 178, 183 (6th Cir.1982).

The Defendant does not argue that the indictment is invalid on its face or that the grand jury was improperly constituted. Instead, he argues the indictment is not supported by sufficient evidence. "[A] defendant may not challenge an indictment on the ground that it is not supported by sufficient evidence." *United States v. Levin*, 973 F.2d 463, 468, n.2 (6th Cir. 1992). Additionally, "if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993).

Here, the United States asserts that it "intends to prove the particular controlled substances, cocaine and heroin, and the drug amounts that the defendants conspired to possess with the intent to distribute." (DE 100 at 2.) As such, the language of Count 1 cannot be considered surplusage. Further, the United States correctly contends that it bears the burden to prove the amount of drugs for which a defendant is accountable. *See United States v. Pruitt*, 156 F.3d 638, 647 (6th Cir. 1998) (citations omitted). The United States argues that "[d]rug laboratory reports are only one way to prove drug amounts involved in a drug conspiracy" and that "[d]rug amounts may also be established by other credible evidence."

4

(DE 100 at 3.) The Court agrees. *See United States v. Armstrong*, 920 F.3d 395, 397 (6th Cir. 2019) (drug quantity determined by informant); *United States v. Chandler*, 764 F. App'x 502, (6th Cir. 2019) (conversion of drug proceeds to determine drug quantity); *United States v. Collins*, 799 F.3d 554 (6th Cir. 2015) (drug purchasers and expert testimony on drug quantity); *United States v. Climer*, 591 F. App'x 403, 411 (6th Cir. 2014) (drug quantity determined by co-conspirators testimony). Moreover, "facts that increase mandatory minimum sentences must be submitted to the jury." *Alleyne v. United States*, 570 U.S. 99, 103 (2013). Under 21 U.S.C. § 841(b), a mandatory minimum is triggered if the offense involves five kilograms or more of a mixture or substance containing a detectable amount of cocaine. Thus, the amount of cocaine is an element of the offense that must be submitted to the jury and proven beyond a reasonable doubt. *See Collins*, 799 F.3d at 590.

The Court will instruct the jury that the indictment is not evidence and that the prosecution must prove every element of the offense beyond a reasonable doubt. If the prosecution is unable to do so, the Defendant is entitled to an acquittal. "However, the prosecution's evidence is tested at trial, not in a preliminary proceeding." *Short*, 671 F.2d at 183. Accordingly, the Defendant's motion to dismiss is denied.

**IV. Motion to Suppress.**

The Defendant has also filed a Motion to Suppress, which seeks to suppress "all statements allegedly made by him to law enforcement agents in the course of a custodial interrogation as well as any evidence gathered as a result of those statements." (DE 97 at 1.) The Defendant asserts that all "statements made after the officer found marijuana in his car were the product of a custodial interrogation and, without a Miranda warning, they must be suppressed." (DE 97 at 6.) The Defendant does not, however, state which statements he seeks to suppress. As such, the Court is unable to analyze whether the Defendant's

5

statements should be suppressed pursuant to *Miranda v. Arizona*, 394 U.S. 436 (1966) and its progeny.

The Court notes that this is the Defendant's second motion to suppress seeking to suppress statements made by the Defendant. In the Defendant's first motion to suppress, he sought to suppress specific incriminating statements regarding marijuana being located in his home. (DE 55; DE 69.) That motion to suppress was denied by the Court. (DE 74.) The Defendant asserted in his first motion to suppress that his statements about marijuana being located in his home were obtained by police in violation of *Miranda*. (DE 69 at 3.) Officers had asked the Defendant whether he had any marijuana or other drugs inside his apartment. The Defendant advised that he had a little marijuana in his apartment. At that point, one of the officers walked over to the Defendant's vehicle, which was parked on a public street outside his home. The windows of the vehicle were down, and the officer smelled marijuana emanating from the car. The officer then located a burnt marijuana cigarette and grinder in the console area. Based on the officer's findings and the Defendant's admission, the officer decided to leave the residence to get another search warrant for the Defendant's home. Sometime during this interaction, the Defendant was detained by officers. The Court specifically found that the statements regarding the marijuana being located inside the Defendant's home should not be suppressed because the Defendant "was not in 'custody' as defined by *Miranda* and its progeny." (DE 74 at 15-16.)

The Court questions whether the Defendant is seeking to suppress the same statements regarding the marijuana being located inside his home, different statements made while officers were securing and executing the narcotics search warrant, or statements made at the police station after the execution of the search warrant. Without knowing which statements the Defendant seeks to suppress, the Court cannot adequately assess whether there was a

6

custodial interrogation without *Miranda* warnings. As such, the Defendant's motion to suppress is denied.

### V. Conclusion.

Based on the foregoing, the Court **HEREBY ORDERS** as follows:

(1) The Defendant's motion in limine (DE 95) is **DENIED** with leave to reassert if appropriate;

(2) The Defendant's motion to dismiss (DE 98) is **DENIED**; and

(3) The Defendant's motion to suppress (DE 97) is **DENIED**.

Dated December 11, 2019.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY