Eastern District of Kentucky
FILED
JUN 29 2020
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:18-116-KKC-1 |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| QUINICINO L. WAIDE, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's motion to dismiss a count in the indictment. On September 6, 2018, the grand jury indicted Defendant Quinicio L. Waide on one count each of aiding and abetting possession with intent to distribute a controlled substance, aiding and abetting possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a felon. (DE 24.) More specifically, Count 1 of the indictment charges that Defendant and a co-defendant –

> aided and abetted by each other and others, did knowingly and intentionally possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

(DE 24).

On May 5, 2020, Defendant filed a motion to dismiss Count 1 of the indictment. (DE 142.) Defendant argues that Count 1 violates the rule against duplicity because it charges two separate offenses – aiding and abetting possession with intent to distribute 5 kilograms

1

of cocaine and aiding and abetting possession with intent to distribute 100 grams or more of heroin. (DE 142 at 3.)

Under FED. R. CRIM. P. 12(b)(3)(B), a defendant may bring a pretrial motion to challenge a defect in the indictment, including duplicity. "An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Boyd*, 640 F.3d 657, 665 (6th Cir. 2011) (citation and internal quotation marks omitted). "The vice of duplicity is that a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense," and "duplicitous indictments prevent the jury from convicting on one offense and acquitting on another." *United States v. Campbell*, 279 F.3d 392, 398 (6th Cir. 2002) (citations and internal quotation marks omitted). Some other "inherent dangers of a duplicitous indictment" include the defendant "not be[ing] properly notified of the charges against him, that he may be subjected to double jeopardy," and "that he may be prejudiced by evidentiary rulings during the trial." *United States v. Alsobrook*, 620 F.2d 139, 142 (6th Cir. 1980).

"[A]n indictment is not duplicitous if it alleges in one count multiple means of committing a single offense." *United States v. Coffman*, No. 09-CR-181-KKC, 2010 WL 4103357, at *1 (E.D. Ky. Oct. 18, 2010) (citation to *United States v. Damrah*, 412 F.3d 618, 622 (6th Cir. 2005) omitted). Said another way, "multiple theories of liability or multiple factual predicates for violation of a statute does not render the indictment duplicitous." *United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997). For example, it is settled law in the Sixth Circuit that an indictment is not duplicitous simply because it charges a conspiracy to distribute multiple controlled substances in the same count; as that court held in *United States v. Dale*, "[a] single conspiracy may have as its objective the distribution of two different drugs without rendering it duplicitous." 178 F.3d 429, 431 (6th Cir. 1999); *see*

2

*also Campbell*, 279 F.3d at 398 (quoting *Dale* for that proposition). However, there appears to be little caselaw in the Sixth Circuit addressing the precise issue here: whether an indictment is duplicitous because it charges a defendant with having violated 21 U.S.C. § 841(a)(1) by possessing with intention to distribute two different controlled substances.

The Court is unconvinced that the flaws in the indictment require dismissal, or any other remedy at this stage. Although there is some precedent establishing that possession of different controlled substances in violation of § 841(a)(1) constitutes separate offenses, *see United States v. Pope*, 561 F.2d 663, 669 (6th Cir. 1977), "[u]ltimately, the indictment must be measured in terms of whether it exposes the defendant to any of the inherent dangers of a duplicitous indictment." *Alsobrook*, 620 F.2d at 142. On balance, the Court finds the risk of those dangers limited in this case. And "even where an indictment is duplicitous, proper jury instructions can mitigate the risk of jury confusion[.]" *United States v. Cobbs*, 233 F. App'x 524, 533 (6th Cir. 2007) (citation and internal quotation marks omitted) (brackets in original). Although Defendant argues that this poorly-drafted charging document could produce a falsely-unanimous jury verdict (DE 142 at 2-5), the Court can fashion jury instructions to ensure the requisite unanimity in the verdict, as well as with regards to the quantities of each of the controlled substances, so that sentencing would appropriately comply with the commands of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013). Defendant's arguments about other potential consequences of the indictment's possibly duplicitous nature (DE 142 at 4-5) are mostly conclusory and, thus, unpersuasive.

Accordingly, the Court hereby ORDERS that Defendant's motion to dismiss (DE 142) is DENIED.

Dated June 29, 2020



Signed By:
Karen K. Caldwell
United States District Judge

3